CHRIS WIEFENBACH, Appellee, v. PETER LAMP, Appellant.

**MASTER AND SERVANT:** Evidence—Verdict—Sufficiency to Support. Evidence reviewed and held sufficient to support a verdict on the contract alleged.

**APPEAL AND ERROR:** Verdict—Trifling Excess—Reversal. Causes will not be reversed for a trifling excess in verdict—$4.50 in instant case.

*Appeal from Monona District Court.*—HON. JOHN F. OLIVER, Judge.

FRIDAY, FEBRUARY 12, 1915.

ACTION to recover for services. Defendant claimed he had overpaid plaintiff and, by way of counterclaim, sought to recover back $65.00. There was a trial to a jury and a verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*C. E. Cooper,* for appellant.

*J. A. Pritchard,* for appellee.

PRESTON, J.—The errors relied upon are: That the verdict is contrary to law, not sustained by the evidence, and is the result of passion and prejudice on the part of the jury;

1. MASTER AND
SERVANT: evi-
dence: verdict:
sufficiency to
support.

that in defendant's account introduced there was shown as labor performed on Sunday for which credit was allowed plaintiff the sum of $3.00, and another of $1.50; that the court failed to instruct the jury that this amount should be deducted.

It appears that plaintiff came to this country about the year 1909, and soon after commenced working for defendant, feeding cattle, hogs, sheep, and doing barn chores, milking cows, and the like; that defendant is feeding stock on quite a large scale, sometimes having as many as six hundred cattle, at other times from fifty to two hundred and fifty, and from five hundred to one thousand sheep, three or four hundred hogs, several milk cows, and horses. Plaintiff began work for defendant in the year 1909 and continued more than four years, starting at $25.00 per month, and at the time he quit defendant's service he was getting $42.00 per month.

The defendant contends, and so testifies, that plaintiff was to do all the work, including feeding and caring for the stock on Sunday, and that such was the agreement at the time of plaintiff's employment, while plaintiff claims that there was an agreement between plaintiff and defendant that plaintiff should be paid extra for his work on Sundays. He testifies in part:

"I quit Pete Lamp once, and I said, 'Pete, I no make this and feed the cattle Sunday for nothing, I say the month has got twenty-six working days, and I work for you by the month, and you say pay me for Sunday,' and Pete got another

man to work by the month, and then Pete come to me, and said, 'I pay you for Sunday.' The first time I quit was because I wanted wages on Sunday.''

Witness Hamilton testifies: That he worked for defendant seven years, and that plaintiff was working for defendant at the same time; that plaintiff would not feed on Sundays for nothing, and defendant said he had to pay plaintiff to work on Sunday; feed the cattle and do other work which amounted to about the same as any other day; that he thinks it would be worth $1.75 a day, and that he (witness) was receiving that amount.

There is no claim in the pleadings or argument that the contract was invalid because it was for Sunday work, and no question is raised that the work of feeding stock was not a work of necessity.

It appears that in October, 1909, defendant gave plaintiff a small check for the balance defendant claimed was then due, and which states that it is in full for labor, and another check after that to the same effect. But plaintiff testifies that he cannot read English.

Defendant's son-in-law, who was agent for defendant, testified as to these matters and statements. But there was no pleading, and there is no question raised in argument that such checks or settlement were a full settlement for the Sunday work. The fact that there were such settlements would be proper, however, for the jury to take into consideration as bearing upon the question as to whether or not there was such a contract as plaintiff relies upon for his Sunday labor, and it would be proper, of course, for the jury to take into consideration his explanation and all the facts and circumstances shown in the case having a bearing upon that question. Whether there was such a contract was a question for the jury because of the conflict in the testimony.

It should be said, however, that plaintiff claimed pay for Sunday work from the beginning of his employment, and

claimed $571.31, $28.81 of which he claims is due for a balance
of wages under the monthly employment, and the balance for
Sunday work. The jury by their verdict, however, allowed
plaintiff only $191.36, so that evidently the jury did not allow
for the full time and may have allowed the items set up by
defendant by way of counterclaim and this he claims was
an overpayment to plaintiff. There is nothing to indicate
passion or prejudice on the part of the jury, and we think the
verdict is supported by the evidence.

As stated, plaintiff worked for defendant about four
years. He quit during the first year, according to his own
testimony, because Lamp would not pay him for Sunday,
and plaintiff testifies that defendant then hired him and
agreed to pay him for his Sunday labor. The jury must have
computed the time commencing at the time the contract was
made, and not at the time Wiefenbach commenced working
for defendant, and, as stated, there being a conflict, the ques-
tion was for the jury.

As to the alleged failure of the court to instruct the jury
as to the credit of $3.00 and another of $1.50, we have to say
that we would not be disposed to reverse the case for $4.50,
even if there was error at this point, such an
amount being too trivial a ground for re-
versal. If the evidence showed that defend-
ant was entitled to such a deduction, we could
do that here. Defendant did not ask such an instruction, and
there is nothing in the record to show that the jury did not
allow that claim. But we think the instructions did cover
the point. The court fully instructed as to plaintiff's claim
for the balance due under the monthly employment, and also
as to the alleged contract for extra pay on Sunday. The
instructions were quite full, and among them the court stated
to the jury:

2. APPEAL AND
ERROR: ver-
dict: trifling
excess: re-
versal.

"If you find from the preponderance of the evidence that
defendant has paid plaintiff on account of the regular monthly

employment in question more than was due plaintiff on account of the same, then Mr. Lamp will be entitled to recover on the counterclaim the excess that he has so paid the plaintiff, and you will award him that amount on his counterclaim, as you find the same from the evidence. But if you do not so find; or if you believe that the plaintiff has not been overpaid, or received any sum or payment from defendant in excess of what would be due him on account of the regular monthly wages, then Mr. Lamp will not be entitled to recover anything on his counterclaim. When you have settled these issues, under the rules that the court has given you, if you find for the plaintiff in any sum whatever on any of the claims made in his petition, and you find for the defendant on his counterclaim in any sum whatever, you will then offset the one finding against the other, and return your verdict on the whole case in favor of the party for whom you find the greater sum, in such an amount as that sum exceeds the lesser.''

There were other instructions on this subject. No other complaint is made of the instructions than that before indicated. The instructions authorized the jury to determine the whole account and what, if anything, was due either party, taking into consideration the entire account.

There is no error, and the judgment is—*Affirmed.*

Deemer, C. J., Evans and Weaver, JJ., concur.